## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER K. KAMON

No. 23 CR 54

Judge Mary M. Rowland

## <u>ORDER</u>

Before the Court are Defendant Kamon's motions to proceed *in forma pauperis* on appeal [188]; [191][1]. For the reasons explained below, the motions are DENIED.

### I.   *Motion to proceed IFP on appeal*

To proceed *in forma pauperis* on appeal, a plaintiff "must file a motion in the district court. The party must attach an affidavit that: (A) shows in detail the party's inability to pay… or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." F.R.A.P. 24(a)(1)(A-C). An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. F.R.A.P. 24(a)(3)(A).

Kamon states that he is unemployed, unmarried, has no income, and he is unable to access any of his assets because the U.S. Bankruptcy Court for the Central District of California issued a restraining order in February 2023 preventing him from doing so. [188] at 2. Considering this information, the Court finds there is sufficient information to find him indigent and unable to pay the filing fee.

The Court next turns to whether the appeal is taken in good faith. Kamon acknowledges that he waived some rights when he pled guilty, stating, "*[w]hile it was*

---

[1] Kamon also requests the Court to appoint counsel on appeal. [188]. The Court reserves that issue for the Seventh Circuit. *See* 7th Cir. R. 46.1(c)(2) ("The court of appeals will make all appellate appointments under the Criminal Justice Act…"); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

*agreed that no appeal should be taken because of the [plea] waiver*, [trial] counsel filed the notice of appeal to preserve Defendant's rights." *Id*. at 5 (emphasis added). He further states that he is dissatisfied with his sentence, and "counsel's lackluster performance was the cause…" *Id*. at 6.

The Court finds Kamon's appeal is not taken in good faith. At top, he has waived his right to appeal (1) his conviction, (2) any pre-trial rulings, and (3) his sentence. [161] at 17. Generally, a knowing, voluntary, and unambiguous waiver of the right to appeal precludes appellate review and requires dismissal. *See United States v. Bolin*, 908 F.3d 287, 289 (7th Cir. 2018). Additionally, it appears that Kamon intends to bring an ineffective assistance of counsel claim on direct appeal. *See e.g.* [188] at 6. ("[Defendant's sentence] [was] excessive… and … counsel's lackluster performance was the cause"). It is well-settled that "bringing a premature claim for ineffective assistance of counsel on direct appeal is not prudent, and [the Seventh Circuit has] repeatedly cautioned defendants against raising such claims on direct appeal." *Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015) (citing *United States v. Bryant,* 754 F.3d 443, 444 (7th Cir. 2014) (ineffective-assistance claims "usually as a matter of prudence should not" be raised on direct appeal); *see also United States v. Flores,* 739 F.3d 337, 341 (7th Cir. 2014) ("Raising ineffective assistance on direct appeal is imprudent because defendant paints himself into a corner."); *United States v. Harris,* 394 F.3d 543, 557 (7th Cir. 2005) (collecting cases); *United States v. Gilliam*, 255 F.3d 428, 437 (7th Cir. 2001) (ineffective assistance of counsel claims on direct appeal are "almost invariably doom[ed].") (citing *United States v. Godwin*, 202 F.3d 969, 973 (7th Cir. 2000)).

Here, the Court does not certify that Kamon's appeal is taken in good faith and denies his motions for IFP on appeal [188]; [191].

## **CONCLUSION**

For the reasons stated herein, the motions for IFP on appeal [188]; [191] are DENIED. The Clerk is directed to send a copy of this order to Defendant Kamon.

E N T E R:

Dated: January 5, 2026

_____
MARY M. ROWLAND
United States District Judge